IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARMENDA MASON                                                                                          PLAINTIFF

V.                                              CASE NO. 09-CV-1003

INTERNATIONAL ASSOCIATION OF MACHINISTS,
WOODWORKER LOCAL 475, DARRELL THARP, AND
DARRELL STEWART                                                                                     DEFENDANTS

## ORDER

Before this Court are Motions to Dismiss filed by Separate Defendants, Darrell Tharp and Darrell Stewart. (Docs. 8 and 9). Plaintiff, Armenda Mason, has responded. (Doc. 10). Separate Defendants have replied. (Docs. 11 and 12). Plaintiff has filed a sur-reply. (Doc. 13). The Court finds this matter ripe for consideration.

This lawsuit arises from the alleged discrimination against Plaintiff by Defendants for refusing to sign documents relating to a raise and retro-active back pay. Plaintiff alleges that she was approved to receive a pay increase along with retro-active pay, but argues that the Defendants voided a check with regards to Plaintiff's pay and refused her raise while continuing to harass her with respect to her job duties. Plaintiff filed this action under Title VII of the Civil Rights Act of 1964 for discrimination based on her race.

Federal Rule of Civil Procedure 4(m) states that a Plaintiff must serve the opposing party with both the summons and complaint within 120 days after the complaint was filed. If good cause can be shown, then the court may extend the time period for which service must be made. FED. R. CIV. P. 4(m). However, if good cause cannot be shown, the district court must dismiss

the suit without prejudice for parties that have not been served. *Id*. To properly serve an individual, the summons and complaint may either be served directly on the individual or at the individual's place of abode with a person of suitable age and discretion residing at the dwelling. *See id*. at 4(e). Another way to complete service of process, is to serve the summons and complaint on the individual's agent who has been authorized to receive service. *See id*. at 4(e)(2)(c).

In this case, service was properly made with respect to Defendant International Association of Machinists, Woodworker 475. However, both Darrell Tharp and Darrell Stewart were never personally served nor was service made to an authorized agent within the 120-day time period. Plaintiff never made a showing of good cause to extend the time period for service of process. The only service that was attempted with respect to Defendants Tharp and Stewart was by Plaintiff serving herself at the companies address. Because service of process was not properly made on Defendants Tharp and Stewart during the appropriate time period, this Court grants their motions to dismiss.

For the reasons discussed herein, the Court finds that Separate Defendants Darrell Tharp and Darrell Stewart's Motions to Dismiss should be **GRANTED**. Accordingly, the claims against Darrell Tharp and Darrell Stewart are dismissed without prejudice.

IT IS SO ORDERED, this 4th day of December, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

2